UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ROY DEBOLT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

Civil No. 11-1434 (MJD/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2004, Petitioner was indicted in the United States District Court for the Central District of Illinois. He was charged with several federal child pornography offenses. In March 2005, he pled guilty to two of the charged offenses, and the Government agreed to dismiss the remaining charges. After accepting Petitioner's guilty plea, the trial court

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

sentenced him to 168 months in federal prison, plus a three-year term of supervised release. Petitioner is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

After Petitioner was convicted and sentenced, he filed a Notice of Appeal. However, that Notice of Appeal was voluntarily withdrawn on the same day that it was filed. Thereafter, Petitioner never sought or received any direct appellate review of his conviction or sentence. Furthermore, Petitioner has never challenged his conviction or sentence in any motion brought under 28 U.S.C. § 2255, or in any other post-conviction proceeding. (See Petition, [Docket No. 1], pp. 1-2.)

In the present habeas corpus case, Petitioner is attempting to challenge the validity of his 2005 criminal conviction in the Central District of Illinois. Petitioner contends that his conviction is invalid, because the Government failed to prove one of elements of the offenses to which he pled guilty. More specifically, Petitioner contends that the Government failed to prove that the child pornography at issue in his case traveled across state lines. According to Petitioner, the Government established only that the pornography traveled via the internet, and that fact alone does not prove the requisite element of interstate commerce. Petitioner further contends that because the Government failed to establish the interstate commerce element of the charged offenses, the trial court did not have subject matter jurisdiction in his criminal case. Based on this reasoning, Petitioner claims that his conviction should be reversed, and he should be acquitted. (Id., pp. 3-11.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2005 Illinois federal criminal conviction cannot be brought in a § 2241 habeas corpus petition.

## II.     DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his conviction in his 2005 Illinois federal criminal case. Indeed, he is specifically asking to have that conviction set aside. Therefore, this action is barred by the § 2255 exclusive remedy rule, unless the savings clause is applicable.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the original trial court, so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because any § 2255 motion that he might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). Therefore, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it appears that Petitioner deliberately elected to bring his current claims in a § 2241 habeas corpus petition, because he knows he is barred from seeking relief under § 2255. Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the one-year statute of limitations. That reasoning must be rejected.

The one-year statute of limitations that applies to § 2255 motions would be rendered meaningless if a prisoner who is time-barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the statute of limitations to be so easily evaded.

Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because... petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.  Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because his current claims for relief could have been raised in a direct appeal, or in a timely § 2255 motion.  Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims on direct appeal or in a timely § 2255 motion.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").[2]

---

[2] Petitioner apparently waived his right to file a direct appeal or a § 2255 motion as part of his plea agreement.  But that waiver is just another procedural obstacle, like the

Petitioner contends that he should be allowed to raise his current claims for relief in a § 2241 habeas corpus petition, because he is (allegedly) challenging the subject matter jurisdiction of the trial court. However, Petitioner has failed to establish that there is a "subject matter jurisdiction" exception to the § 2255 exclusive remedy rule. See Taylor v. Gilkey, 314 F.3d 832, 834 (7th Cir. 2002) (federal prisoner cannot avoid the § 2255 exclusive remedy rule merely by characterizing his claims as "jurisdictional").

Furthermore, even if Petitioner's "no interstate commerce" argument could be entertained and sustained, the trial court's subject matter jurisdiction over Petitioner's criminal case would not be affected in any way. Petitioner was charged with a federal criminal offense, and that alone is sufficient to establish the trial court's subject matter jurisdiction. 18 U.S.C. § 3231 clearly provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As the Eighth Circuit Court of Appeals has succinctly stated: "'Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231... [t]hat's the beginning and the end of the 'jurisdictional' inquiry.'" United States v. White Horse, 316 F.3d 769, 772 (8th Cir.), cert. denied, 540 U.S. 844 (2003), quoting Hugi

---

statute of limitations. If Petitioner waived his right to seek relief under § 2255, that waiver by itself did not affect the adequacy of the legal remedy provided by § 2255. See Winters v. Fisher, Civil No. 09-3312 (MJD/SRN), (D.Minn. 2009), [Report and Recommendation by Magistrate Judge – now District Court Judge – Susan Richard Nelson], 2009 WL 5185756 at *3, n. 3 ("waiving the right to use the remedy provided by § 2255 does not cause the remedy itself to be inadequate or ineffective") (citing Adams v. Samuels, No. 6:05-689-DCR (E.D. Ky.2006), 2006 WL 695250 at *3; see also Nguyen v. Davis, Civil No. 10-cv-87-BNB, (D.Colo. 2010), 2010 WL 902481 at *2 (habeas petitioner's "waiver of his right to file a § 2255 motion is merely a procedural bar to obtaining relief pursuant to § 2255 and... the existence of a procedural bar is not sufficient to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective").

6

v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

At most, Petitioner has alleged only that the Government failed to establish one element of the charged offense – the interstate commerce element.  Thus, in reality, Petitioner has not raised a subject matter jurisdiction claim; he has raised only an insufficiency of the evidence claim.[3]  And he could have raised that insufficiency of the evidence claim long before now.  He could have raised the claim during his plea colloquy, in a direct appeal, or in a timely § 2255 motion.

As the Eighth Circuit Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Petitioner has already had a host of other, more suitable, procedural opportunities to raise his current claims for relief, including his so-called subject matter jurisdiction claim.  Therefore, the savings clause is not applicable here, and the § 2255 exclusive remedy rule bars Petitioner from raising his current claims for relief in a § 2241 habeas corpus petition.

---

[3]  This point is illustrated by a case relied on by Petitioner – United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007).  In Schaefer, the Court overturned the defendant's conviction, (following a trial), because the Government had failed to present sufficient evidence to satisfy the "jurisdictional element" of the charged offense – i.e., that the defendant had used the internet to transmit pornographic images across state lines.  Schaefer is clearly not a subject matter jurisdiction case; it is a sufficiency of the evidence case.  (It is also worth noting that the Schaefer decision has been universally rejected by other courts.  See United States v. Koch, 625 F.3d 470, 479 (8th Cir. 2010) (pointing out that Schaefer's ruling – i.e., that the Government must prove that the internet transmission of pornography has crossed state lines – has been "rejected by every other court to consider the issue").)

## III.     CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2005 criminal conviction in the Central District of Illinois; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the applicable one-year statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse his from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 habeas corpus petition.  Thus, the Court concludes that Petitioner's current habeas corpus petition is not entertainable here, and that this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").[4]

---

[4] Although Petitioner's habeas corpus claims will not be decided on the merits, for the reasons explained in the text, it should be noted that the underlying premise of Petitioner's claims is plainly belied by the trial court record.  (The original trial court record from the Central District of Illinois is accessible to this Court by means of the Case Management – Electronic Case Filing system, or "CM/ECF," that is maintained by the federal courts.)  Petitioner contends that the Government failed to establish one of the elements of the charged offenses, because the Government failed to establish that the internet transmission of Petitioner's pornography actually crossed state lines.  According

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: June 14, 2011

                                           s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 28, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

to Petitioner, "it is not enough to assume that an internet communication necessarily traveled across state lines in interstate commerce." (Petition, p. 5.) However, the Government did not just assume that the internet transmission of Petitioner's pornography crossed state lines; the Government established that element of the charged offenses by Petitioner's own admission. In the written plea agreement, and again during the in-court plea colloquy, Petitioner candidly acknowledged that the pornography on which the charged offenses were based did travel across state lines via the internet. United States v. Debolt, No. 1:04-cr-10029-MMM (C.D.Ill. 2005) ("PLEA AGREEMENT AND STIPULATION OF FACTS" dated March 17, 2005, [Docket No. 10], p. 9, and Transcript of Change of Plea Hearing, [Docket No. 24], pp. 14-16, 22-23). Thus, it is simply specious for Petitioner to now contend that his conviction should be vacated because the Government supposedly failed to establish the interstate commerce element of the charged offenses.